[Cite as *State v. Ramey*, 2012-Ohio-3978.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO                           :
                                        :       Appellate Case No. 24944
       Plaintiff-Appellee              :
                                        :       Trial Court Case No. 99-CR-4093
v.                                      :
                                        :
CARL LEE RAMEY                          :       (Criminal Appeal from
                                        :        Common Pleas Court)
       Defendant-Appellant             :
                                        :

. . . . . . . . . . .

## O P I N I O N

Rendered on the 31st day of August, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

DAWN S. GARRETT, Atty. Reg. #0055565, 7865 Paragon Road, Suite 107, Centerville, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant Carl Lee Ramey appeals from his sentence for Murder,

Felonious Assault, and Having Weapons Under a Disability.   He contends that the trial court

erred by specifying a three-year period of possible post-release control for the Having Weapons Under a Disability offense, a felony of the fifth degree. He contends that the trial court should have specified a possible period of post-release control of up to three years for this offense.

{¶ 2} We agree with Ramey. His sentence for Having Weapons Under a Disability is modified to provide for a possible period of post-release control of up to three years. As so modified, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 3} In 2000, following a jury trial, Ramey was convicted of Murder, in violation of R.C. 2903.02(B), an unclassified felony, with a three-year firearm specification; Felonious Assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree; and Having Weapons Under a Disability, in violation of R.C. 2923.13(A)(3), a felony of the fifth degree. Ramey was sentenced to 15 years to life for Murder, eight years for Felonious Assault, twelve months for Having Weapons Under a Disability, and three years for the firearm specification, with all sentences to be served consecutively, for a total sentence of 27 years to life. He appealed. We affirmed. *State v. Ramey*, 2d Dist. Montgomery No. 18450, 2001 WL 669602 (June 15, 2001).

{¶ 4} The original sentencing entry did not specify the period of his post-release control, and did not specify the manner of his conviction. In April, 2011, the trial court filed a nunc pro tunc entry correcting the sentencing entry by specifying the manner of Ramey's conviction, but this entry still did not specify the period of his post-release control.

{¶ 5}    On October 21, 2011, the trial court again amended the sentencing entry to provide that: (1) Ramey was not eligible for post-release control as part of his sentence for Murder; (2) Ramey was subject to post-release control for a period of three years as part of his sentence for Felonious Assault; and (3) Ramey could be subject to post-release control, in the discretion of the Parole Board, for a period of three years as part of his sentence for Having Weapons Under a Disability.

{¶ 6}    From the judgment entry of October 21, 2011, Ramey appeals.


## II.    The Optional Period of Post-Release Control Imposed
## as Part of Ramey's Sentence for Having Weapons Under a Disability
## Should Be Up To Three Years, Not Three Years

{¶ 7}    Ramey's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN IMPOSING THE TERMS OF POST-RELEASE CONTROL AS IT INDICATED THE TERM ON A FIFTH DEGREE FELONY MAY BE FOR A PERIOD OF THREE YEARS, WHEN THE STATUTE PROVIDES THAT IT [MAY] BE "UP TO" A PERIOD OF THREE YEARS BUT COULD BE LESS.

{¶ 8}    Ramey contends that the period of post-release control to which he could be subject, at the option of the Ohio Adult Parole Authority, as part of his sentence for Having Weapons Under a Disability was a period of up to three years, not three years, as specified by the trial court in its sentencing entry.   We agree.

{¶ 9}    The period of optional post-release control to which an offender is subject as

part of a sentence for a felony of the fifth degree is a period of up to three years. R.C. 2967.28(C).

{¶ 10} The State relies upon *State v. Sulek*, 2d Dist. Greene No. 09CA75, 2010-Ohio-3919. In that case, a defendant was convicted of several felony offenses, some of which were merged for sentencing purposes. Surviving were two, six-year sentences for second-degree felony offenses, and one, one-year sentence for a fourth-degree felony offense. The trial court notified the defendant in that case, as part of the judgment entry, that "post-release control is mandatory in this case up to a maximum of five years * * * ." *Id.*, ¶ 3. We held that this was sufficient, because although the defendant in that case was subject to post-release control as a result of multiple offenses, he could, in fact, be subject to no more than one period of post-release control; therefore, notification that the defendant was subject to post-release control for a period of five years, the longest of the periods of post-release control to which he was subject, was not misleading – the lesser period of post-release control pertaining to the fourth-degree felony offense in that case was wholly subsumed within the five-year periods of post-release control pertaining to the second-degree felony offenses. *Id.*, ¶ 23.

{¶ 11} But in *Sulek*, at ¶ 24, we distinguished *State v. Reznickchek*, 6th Dist. Lucas Nos. 1426 and 1427, 2008-Ohio-2384:

The problem in *Reznickcheck* was not that the three-year terms of mandatory post-release control the court imposed for the two second-degree felonies did not encompass the discretionary term of up to three years available for the single third-degree felony. The problem was that the notification was, by its terms, expressly limited to the two second-degree

felonies; expressio unius, expression of one thing suggests the exclusion of others. Therefore, per [*State v.*] *Bezak*, [114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961], the sentence that was imposed on the third-degree felony was void, and resentencing "for that particular offense" was required. We do not agree with the decision in *Reznickcheck* that the holding in *Bezak* required reversal of all three sentences the court had imposed.

{¶ 12} We then concluded in *State v. Sulek* that: "The trial court was not required to separately and expressly notify Defendant of the terms of post-release control applicable to each of the three offenses for which prison terms were imposed." *Id.*, ¶ 25. But in the case before us, the trial court did, in fact, provide notification in its judgment entry of the terms of post-release control pertaining to each of the two offenses for which determinate prison sentences were imposed. The problem is that it got one of them wrong. Although the trial court correctly specified a mandatory three-year period of post-release control for Felonious Assault, a second-degree felony, and also correctly specified that post-release control would be at the discretion of the Ohio Adult Parole Authority for the fifth-degree felony, it incorrectly specified that the period of post-release control for the fifth-degree felony was three years, when it is, in fact, up to three years.

{¶ 13} Thus, unlike in *Sulek*, the trial court in this case affirmatively misstated the period of post-release control pertaining to the sentence for Having Weapons While Under a Disability. Admittedly, this error is likely to be academic, in view of Ramey's life sentence for Murder and three-year period of post-release control for Felonious Assault. But should both of those convictions be overturned, as a result of subsequent Ohio or federal judicial proceedings, or as a result of a gubernatorial pardon, the trial court's error could, in theory, become significant.

{¶ 14} Ramey's sole assignment of error is sustained.

### III.   Conclusion

{¶ 15}   Ramey's sole assignment of error having been sustained, the judgment of the trial court is Modified by providing that the possible period of post-release control pertaining to Ramey's twelve-month sentence for Having Weapons While Under a Disability is "up to three years," not "three years," as specified in the judgment entry.   As so modified, the judgment entry of October 21, 2011, from which this appeal is taken, is Affirmed.

. . . . . . . . . . . . .

FROELICH and RICE, JJ., concur.

(Hon. Cynthia W. Rice, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Dawn S Garrett
Hon. Mary L. Wiseman