[Cite as *State v. Harris*, 2016-Ohio-3355.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2015-CA-34 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 15-CR-75 |
| v. | : | |
| | : | (Criminal Appeal from |
| NORA I. HARRIS | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of June, 2016.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, by JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

SEAN BRINKMAN, Atty. Reg. No. 0088253, Durden Law, LLC, 10 West Monument Avenue, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

**{¶ 1}** Defendant-appellant Nora Harris appeals from her sentence, following a plea of guilty, for Possession of Heroin. She contends that the trial court erred by advising her, at sentencing, that the conviction carried a three-year period of post-release

control, when it should have specified a three-year period of possible post-release control.

{¶ 2} We conclude that the record supports a finding that Harris was properly informed of the possible maximum penalties in regard to her conviction. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 3} On May 7, 2015, Harris was indicted on two counts of Possession of Heroin, one count of Possessing Drug Abuse Instruments, and one count of Illegal Use or Possession of Drug Paraphernalia. Pursuant to a plea agreement, Harris entered a guilty plea to one count of Possession of Heroin, in violation of R.C. 2925.11(A)(C)(6)(a), a fifth-degree felony. In exchange for the plea, the State dismissed the remaining charges, and agreed to make a recommendation of community control sanctions if a pre-sentence report did not indicate a criminal history, and if Harris did not commit any offense prior to sentence. The written plea agreement, signed by Harris, contains the following statement:

Post Release Control. In addition, a period of supervision by the Adult Parole Authority after release from prison is optional in this case. If I receive prison for a felony of the fifth degree, I may be given up to three (3) years of post-release control. A violation of any post release control rule or condition can result in a more restrictive sanction while I am under post release control, and increased duration of supervision or control, up to the maximum term and re-imprisonment even though I have served the entire stated prison term imposed upon me by this Court for all offenses.

**{¶ 4}** During the plea hearing, the trial court stated as follows:

> If you are sentenced to prison, upon release from prison you are subject to supervision by state or local authorities. That is what is known as post-release control. Post-release control in your case can be for a period of up to three years after release from imprisonment, subject to Parole Board determination.

**{¶ 5}** At the sentencing hearing, it was noted that the pre-sentence report indicated that Harris had previously served a prison term, and that she used heroin one day prior to her pre-sentence investigation interview, in violation of the terms of her bond conditions. The State was therefore relieved of its sentencing recommendation. Despite the violation and prior criminal history, the trial court sentenced Harris to a two-year term of community control, with the requirement that she complete a residential substance abuse program. The trial court, after noting that a violation of community control would result in a prison term, stated as follows:

> Upon release from prison you are subject to - - if you are sentenced to prison, upon release you are subject to a period of post-release control for a period of up to three years after your release from imprisonment subject to Parole Board determination. There are rules to follow on post-release control. If you violate those rules, you can be punished. Punishment can include increasing the duration of your post-release control time period up to that maximum three-year period I just told you about.

**{¶ 6}** In the journal entry of judgment, conviction, and sentence, the trial court set

forth the following:

> Post-release control.   Where the Defendant is sentenced to a term of imprisonment, upon release from prison, Defendant shall be subject to post-release control for a period of up to three (3) years after the Defendant's release from imprisonment, subject to Parole Board determination.

**{¶ 7}** Harris appeals.

## II. The Trial Court's Failure to State, Expressly, that a Period of Post-Release Control of up to Three Years, in the Discretion of the Parole Authority, Is Not Mandatory Did Not Render Harris's Plea other than Knowing and Intelligent

**{¶ 8}** Harris's sole assignment of error states:

> MS.   HARRIS'   PLEA   WAS   NOT   MADE   KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

**{¶ 9}** Harris contends that the trial court failed to inform her that post-release control was optional for a felony of the fifth degree.   She contends that the trial court informed her that it was mandatory.   She argues that her plea could not have been made knowingly, voluntarily and intelligently, because she was not properly informed of the maximum penalties.   She further argues that she was prejudiced by the "misinformation [because she] may not have pled guilty if she knew that post-release control may be imposed, rather than is imposed, if she was sentenced to prison."

**{¶ 10}** Post-release control requirements with respect to fifth-degree felony

offenses are discretionary. *State v. Sulek*, 2d Dist. Greene No. 09CA75, 2010-Ohio-3919, ¶ 10. "The period of optional post-release control to which an offender is subject as part of a sentence for a felony of the fifth degree is a period of up to three years." *State v. Ramey*, 2d Dist. Montgomery No. 24944, 2012-Ohio-3978, ¶9, citing R.C. 2967.28(C). R.C. 2929.19(B)(2)(d) requires that a sentencing court notify a defendant that he or she may be subject to supervision after leaving prison if it imposes a sentence for a fifth-degree felony that does not involve a sex offense or an offense of physical harm or a threat of physical harm.

**{¶ 11}** The trial court informed Harris of the maximum penalties, including the maximum possible term of post-release control. The written plea agreement, which was signed in open court and acknowledged by counsel and Harris, specifically noted that post-release control is optional, and may last for up to three years. The trial court, during the plea hearing, also properly informed her that if she is imprisoned, she will be subject to post-release control upon release, subject to Parole Board determination, and that the post-control release can be for a period of up to three years. The record does not demonstrate that the trial court affirmatively stated that post-release control was mandatory. Instead, it appears that Harris interprets the phrase "subject to" as implying that post-release control is mandatory. We disagree.

**{¶ 12}** We find no error in the trial court's recitation of the possible penalties, since that recitation included the maximum penalty. We further find Harris's claim of prejudice speculative. She entered the guilty plea in exchange for the dismissal of the other two charges. While the State, following the disclosure of the bond violation, did not recommend community control, Harris nevertheless was sentenced to community control,

which was what she originally bargained for.

**{¶ 13}** Harris's sole assignment of error is overruled.

### III. Conclusion

**{¶ 14}** Harris's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL, J., and WELBAUM, J., concur.

Copies mailed to:

Kevin S. Talebi
Jane A. Napier
Sean Brinkman
Hon. Nick A. Selvaggio