[Cite as *State v. Heard*, **2018-Ohio-314.**]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27454 |
| | : | |
| v. | : | T.C. NO. 07-CR-1256 |
| | : | |
| DEQUAN N. HEARD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# **O P I N I O N**

Rendered on the 26th day of January, 2018.

. . . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DEQUAN N. HEARD, #70598-061, McDowell Federal Correctional Institute, P. O. Box 1009, Welch, WV 24801
        Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Dequan N. Heard appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his motion (1) to find that the Parole Board lacks jurisdiction over him, and (2) to vacate his guilty plea based on a breach of the plea agreement.   For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} In April 2007, Heard was indicted on five counts: trafficking in crack cocaine, a felony of the fifth degree (Count One); possession of crack cocaine, a felony of the first degree (Count Two); possession of criminal tools, a felony of the fifth degree (Count Three); and two counts of having weapons while under disability, felonies of the third degree (Counts Four and Five).   Counts One and Two included firearm specifications. Heard moved to suppress the evidence against him, and a hearing was held on the motion.   There is no indication in the record that the trial court ruled on the motion to suppress.

{¶ 3} On April 4, 2008, Heard pled guilty to Counts One and Two of the indictment. In exchange for the pleas, the State dismissed Counts Three, Four, and Five and the firearm specifications.   Heard signed two separate plea forms, one addressing Count One and another addressing Count Two.

{¶ 4} A sentencing hearing was held on April 7, 2008, during which the trial court sentenced Heard to six months in prison on Count One and to three years in prison on Count Two, to be served concurrently with each other and to a sentence previously imposed in another case.   The court suspended Heard's driver's license for one year. With respect to post-release control, the judgment entry stated: "The Court notifies the

defendant that, as part of this sentence, the defendant will be supervised by the Parole Board for a period of **FIVE** years Post-Release Control after the defendant's release from imprisonment, if the Parole Board determines that a period of Post Release Control is necessary for the defendant." (Emphasis in original.)

{¶ 5} The judgment entry and the plea forms were filed on April 9, 2008.

{¶ 6} On April 24, 2008, the trial court filed an "amended termination entry," which added an order that Heard pay extradition costs. Heard did not appeal from either the April 9 or April 24, 2008 judgment entry.

{¶ 7} On July 12, 2010, Heard was brought before the trial court for resentencing, pursuant to R.C. 2929.191. The following day, the trial court filed a new termination entry (nunc pro tunc April 9, 2008). The portion of judgment entry addressing post-release control read:

Pursuant to ORC 2929.191, the defendant was brought before the court on July 12, 2010, at which time the Court notifies the defendant that, as part of this sentence, on **Count 1: Trafficking in Cocaine (less than 1 gram) (CRACK FORM) 2925.03(A)(1) F5** the defendant **may**, if the Parole Board determines that a period of Post Release Control is necessary for the defendant, be supervised by the Parole Board for a period of **three (3)** years Post-Release Control after the defendant's release from imprisonment. Additionally, the Court notifies the defendant that, as part of this sentence, on **Count 2: Possession of Cocaine (25 grams but less than 100 grams – crack form) 2925.11(A) F1** the defendant **will** be supervised by the Parole Board for a period of **five (5)** years Post-Release Control after the

defendant's release from imprisonment.

ON JULY 12, 2010, A COPY OF THIS ENTRY WAS PROVIDED TO THE DEFENDANT.

(Emphasis in original.)   Heard did not appeal from the July 13, 2010 judgment entry.

{¶ 8} According to the Ohio Department of Rehabilitation and Correction's website, on August 23, 2010, Heard completed his prison sentence and began his five years of post-release control.   (Heard had 223 days of jail time credit.)

{¶ 9} On April 29, 2013, Heard filed a motion to find the judgment void in part and to withdraw his guilty plea.   He claimed that the judgment entry failed to comply with Crim.R. 32(C), to notify him of the consequences of the failure to pay court costs, and to properly impose post-release control.   He sought to withdraw his pleas on the ground that the court had failed to explain allied offenses of similar import and post-release control.   The trial court overruled the motion on May 22, 2013.   Heard did not appeal the trial court's ruling.

{¶ 10} In January 2014, Heard filed a motion to expedite an underlying parole violation.   The motion suggested that Heard was serving a federal sentence, and it was unclear what relief Heard was seeking.   The trial court denied the motion, and Heard did not appeal.

{¶ 11} On January 26, 2017, Heard filed a motion seeking a finding that the "Parole Board does not have jurisdiction over the Defendant."   Heard also sought to withdraw his plea due to an alleged breach of the plea agreement.   The motion to withdraw his plea asserted that he had only pled to Count Two, not to Count One, and that the trial court did not properly explain that the five years of post-release control on Count Two was

mandatory and that the post-release control on Count One was for "up to three" years, not for three years. Heard asked the trial court to void his post-release control or to vacate his conviction based on the breach of the plea agreement.

{¶ 12} On January 31, 2017, the trial court overruled Heard's January 26 motion. The trial court's decision reads:

> Defendant's first motion is to find that the parole board does not have jurisdiction over the Defendant because the Defendant was not properly notified about post release control. The court has reviewed the pleas and the termination entries in this case. The court finds that Defendant was properly notified about post release control. The Termination Entry filed July 13, 2010 clearly sets forth notice with respect to both counts in regard to the issue of post release control.
>
> The Defendant's second motion is to vacate the guilty plea based on a breach of the plea agreement. The court has reviewed the pleas made in 2008, some eight years ago. The pleas are signed by the Defendant. The court finds as a factual matter that there was no breach of the plea agreement. Defendant plead [sic] guilty to two counts, various other counts were nollied/dismissed.
>
> Defendant filed a post-sentence motion about three years ago. The court entered a decision on that motion on May 22, 2013. At that time, the Defendant did not raise any claim that a plea agreement was breached. The court finds this issue is not timely raised. Further, the principle of res judicata applies. Defendant's second motion is OVERRULED.

The grounds for Defendant's motions are not correct as a matter of fact. The motions are not timely filed and the issues have been ruled upon previously or not raised previously. Defendant's motions are not well taken and are hereby OVERRULED.

{¶ 13} Heard, pro se, appeals from the trial court's January 31, 2017 judgment, raising two assignments of error.

## II. Breach of Plea Agreement

{¶ 14} Heard's first assignment of error states:

The trial court erred as a matter of fact and law, in finding that no breach of the terms of the plea agreement had occurred when the Appellant was convicted of two counts and not just Count Two as agreed in the plea agreement.

{¶ 15} Plea agreements are contractual in nature and are subject to contract law principles. *Smith v. Ohio Adult Parole Authority*, 2d Dist. Champaign No. 2009 CA 22, 2010-Ohio-1131, ¶ 36; *State v. Dillon*, 2d Dist. Darke No. 05 CA 1674, 2006-Ohio-4931, ¶ 21. If one party breaches the plea agreement, the remedies for the breach include the traditional contractual remedies of rescission and specific performance. *State v. Johnson*, 2d Dist. Greene No. 06 CA 43, 2007-Ohio-1743, ¶ 20, citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

{¶ 16} At the outset, Heard did not file a direct appeal of his conviction, and the record does not contain a transcript of the plea hearing. If the trial court had convicted Heard of Counts One and Two in violation of the plea agreement, Heard should have raised that issue on direct appeal.

{¶ 17} Regardless, the record reflects that Heard signed two plea forms on April 4, 2008; Heard pled guilty to Count One on one form, and he pled guilty to Count Two on the other. Both forms indicated that Counts Three, Four, and Five would be dismissed, along with the firearm specifications. Nothing in the record supports Heard's contention that he agreed to plead only to Count Two.

{¶ 18} Heard's first assignment of error is overruled.

### III. Imposition of Post-Release Control

{¶ 19} Heard's second assignment of error states:

The trial court erred as a matter of fact and law, in finding that it properly imposed (3) three years PRC on Count One for a felony of the fifth degree instead of up to 3 years PRC.

{¶ 20} "Post-release control" involves a period of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28. R.C. 2967.01(N). Post-release control is mandatory for some offenses and is imposed at the discretion of the Parole Board for others, depending on the nature and degree of the offense. R.C. 2967.28(B) and (C). With limited exceptions, post-release control for a fifth-degree felony is discretionary and may be imposed for a period up to three years. R.C. 2967.28(C); *State v. Ramey*, 2d Dist. Montgomery No. 24944, 2012-Ohio-3978, ¶ 9.

{¶ 21} If the defendant has committed an offense subject to post-release control under R.C. 2967.28, the trial court must notify the defendant at sentencing of the post-release control requirement and the consequences if the defendant violates post-release control. R.C. 2929.19; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d

718, ¶ 18. The Ohio Supreme Court has held that when a judge fails to impose the required post-release control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis in original.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *see also State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7. The improper post-release control sanction "may be reviewed at any time, on direct appeal or by collateral attack," *Fischer* at ¶ 27, but "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence," *id.* at ¶ 40.

{¶ 22} With respect to Count One, a fifth-degree felony, Heard was subject to a discretionary period of post-release control of up to three years. R.C. 2967.28(C). In July 2010, while Heard remained incarcerated, he was brought back for resentencing to correct the imposition of post-release control. The trial court's July 13, 2010 judgment entry imposed post-release control on Count One as follows: "[T]he defendant may, if the Parole Board determines that a period of Post Release Control is necessary for the defendant, be supervised by the Parole Board for a period of three (3) years Post-Release Control after the defendant's release from imprisonment." (Emphasis in original.) The trial court imposed a mandatory term of five years of post-release control for Count Two, a first-degree felony.

{¶ 23} On appeal, Heard contends that, for Count One, the period of post-release control to which he could be subject, at the discretion of the Parole Board, is up to three years, not three years as indicated in the trial court's judgment entry.

{¶ 24} Initially, the trial court correctly found that Heard's argument is barred by res judicata. "Res judicata" means that a final decision has previously been made; it serves

to preclude a party who had his or her day in court from seeking a second hearing on the same issue. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18; *Jones v. Mohler*, 2d Dist. Montgomery No. 27105, 2017-Ohio-2683, fn.1. In 2013, Heard raised in the trial court that the court had not properly imposed three years of post-release control. The trial court denied Heard's motion, and Heard did not appeal. Heard could not properly raise that issue again. Although res judicata did not initially bar Heard from challenging the imposition of post-release control, *see Fischer*, Heard received a ruling on the voidness issue in 2013.

{¶ 25} We recognize that, if we were to address Heard's argument regarding the imposition of three years of post-release control on Count One, it appears that the trial court incorrectly informed Heard of his post-release control obligation on that count. In *State v. Ramey*, 2d Dist. Montgomery No. 24944, 2012-Ohio-3978, the trial court provided notification of the terms of post-release control pertaining to each offense (felonious assault and having weapons while under disability), and we noted that "[t]he problem is that it got one of them wrong." *Ramey* at ¶ 12. We stated, "Although the trial court correctly specified a mandatory three-year period of post-release control for Felonious Assault, a second-degree felony, and also correctly specified that post-release control would be at the discretion of the Ohio Adult Parole Authority for the fifth-degree felony, it incorrectly specified that the period of post-release control for the fifth-degree felony was three years, when it is, in fact, up to three years." *Id.* This misstatement is similar to the one apparently made to Heard.

{¶ 26} Nevertheless, even if we were to find that the trial court erred in 2010 when it imposed three years of post-release control on Count One, we would still find no error

in the Parole Board's jurisdiction over him. As we further noted in *Ramey*, when multiple terms of imprisonment are imposed, the trial court should specify the maximum term of post-release control to which the defendant will be subjected as a result. *Ramey* at ¶ 10. *See also, e.g., State v. Jones*, 2d Dist. Greene No. 2012 CA 8, 2012-Ohio-4446, ¶ 9; *State v. Barber*, 2d Dist. Montgomery No. 27267, 2017-Ohio-7338, ¶ 25. Indeed, R.C. 2967.28(F)(4)(c) specifically provides: "If an offender is subject to more than one period of post-release control, the period of post-release control for *all* of the sentences shall be the period of post-release control *that expires last*, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other." (Emphasis added.)

{¶ 27} Heard's challenge to the Parole Board's jurisdiction over him ignores the fact that he is subject to a mandatory term of five years of post-release control for his possession of crack cocaine conviction, a first-degree felony (Count Two). R.C. 2967.28(B). Thus, regardless of whether post-release control was properly imposed for Count One, Heard remains subject to a mandatory term of five years of post-release control due to his conviction on Count Two. Accordingly, the trial court properly denied Heard's "motion to find that the Parole Board does not have jurisdiction over the Defendant."

{¶ 28} Heard's second assignment of error is overruled.

### IV. Conclusion

{¶ 29} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Andrew T. French
Dequan N. Heard
Hon. Timothy N. O'Connell