[Cite as *State v. Hastings*, 2018-Ohio-422.]


### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case Nos. 27212 and 27213 |
| | : | |
| v. | : | Trial Court Case Nos. 2014-CR-3848 |
| | : | and 2016-CR-910 |
| MATTHEW T. HASTINGS | : | |
| | : | (Criminal Appeal from |
| *Defendant-Appellant* | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . 

# O P I N I O N

Rendered on the 2nd day of February, 2018.

. . . . . . . . . . 

MATHIAS H. HECK, JR., by ALICE B. PETERS, Atty. Reg. No. 0093945, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

GARY C. SCHAENGOLD, Atty. Reg. No. 0007144, 4 East Schantz Avenue, Dayton, Ohio 45409
    Attorney for Defendant-Appellant

. . . . . . . . . . . . 

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Matthew T. Hastings, appeals from the conviction and sentence he received in the Montgomery County Court of Common Pleas after pleading guilty to aggravated burglary and vandalism in Case No. 2014-CR-3848, and attempted burglary, aggravated burglary, and felonious assault in Case No. 2016-CR-910. In support of his appeal, Hastings claims that his guilty plea in Case No. 2016-CR-910 is invalid because the trial court indicated at his plea hearing that post-release control for the attempted burglary charge was discretionary when it was in fact mandatory. For the reasons outlined below, we conclude that Hastings' guilty plea was not invalidated by the trial court's misstatement at the plea hearing; therefore, the judgment of the trial court will be affirmed. However, the matter will be remanded for the sole purpose of entering a nunc pro tunc order correcting the sentencing entry in Case No. 2014-CR-3848 to reflect the correct terms of post-release control that were imposed at the sentencing hearing.

**Facts and Course of Proceedings**

{¶ 2} On July 20, 2016, Hastings pled guilty in Case No. 2014-CR-3848 to one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree, and one count of vandalism of property in violation of R.C. 2909.05(A), a felony of the fourth degree. Hastings also pled guilty in Case No. 2016-CR-910 to one count of attempted burglary in violation of R.C. 2923.02(A) and R.C. 2911.12(A)(2), a felony of the third degree; one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree; and one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. As part of a plea agreement, the parties agreed that

Hastings' aggregate prison sentence would not exceed 15 years.

{¶ 3} At Hastings' plea hearing, the trial court made all of the advisements required by Crim.R. 11. When the trial court advised Hastings of the maximum possible penalty he faced for each of his offenses, the trial court stated the following with regards to post-release control:

> Sir, upon completing any prison sentence, I do need to tell you that you will be required to serve a period of five years post-release control on the felonies of the first degree. You'll be required to serve a period of three years on the felony of the second degree. *And you may be required to serve a period of three years post-release control on the remaining offenses.*

(Emphasis added.) Plea Hearing Trans. (July 20, 2016), p. 7.

{¶ 4} The trial court's statement that Hastings "may be required to serve a period of three years post-release control on the remaining offenses" encompassed Hastings' third-degree-felony charge of attempted burglary in Case No. 2016-CR-910. Accordingly, the trial court effectively indicated that the attempted burglary charge carried a discretionary term of post-release control.

{¶ 5} The plea form signed by Hastings, however, indicates that the attempted burglary charge carried a three-year *mandatory* term of post-release control. The discrepancy between the post-release control notification in the plea form and the trial court's advisement at the plea hearing went unnoticed by the parties. Accordingly, the trial court accepted Hastings' guilty pleas in both cases and scheduled the matter for sentencing.

{¶ 6} On August 3, 2016, the trial court imposed sentences for both Case Nos. 2014-CR-3848 and 2016-CR-910. In Case No. 2014-CR-3848, the trial court sentenced Hastings to a prison term of 11 years for aggravated burglary and a concurrent prison term of 18 months for vandalism. In Case No. 2016-CR-910, the trial court sentenced Hastings to 36 months in prison for attempted burglary, 11 years in prison for aggravated burglary, and 8 years in prison for felonious assault, all to be served concurrently. The trial court also ordered the sentences in Case No. 2014-CR-3848 to be served concurrently with the sentences in Case No. 2016-CR-910, for an aggregate prison term of 11 years.

{¶ 7} At the sentencing hearing and in the corresponding sentencing entry, the trial court advised Hastings that for Case No. 2016-CR-910, his attempted burglary and felonious assault offenses each carried a three-year mandatory term of post-release control, while his aggravated burglary offense carried a five-year mandatory term of post-release control. For Case No. 2014-CR-3848, the trial court advised Hastings at the sentencing hearing that he would be required to serve a five-year mandatory term of post-release control for aggravated burglary and a three-year discretionary term of post-release control for vandalism. However, these terms of post-release control were inadvertently flipped in the corresponding sentencing entry. Accordingly, the sentencing entry for Case No. 2014-CR-3848 provides that a three-year discretionary term of post-release control applies to the aggravated burglary offense and a five-year mandatory term of post-release control applies to the vandalism offense.

{¶ 8} On August 5, 2016, Hastings filed a notice of appeal from his conviction and sentence in both Case Nos. 2014-CR-3848 and 2016-CR-910. Following the

appointment of counsel, the two cases were consolidated for appeal. On December 12, 2016, Hastings' appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that there were no issues with arguable merit to present on appeal.

{¶ 9} On April 3, 2017, we rejected Hastings' *Anders* brief after determining that an appealable issue existed concerning the validity of Hastings' guilty plea in Case No. 2016-CR-910. We found that the validity of the plea was at issue because the trial court advised Hastings at the plea hearing that post-release control for his third-degree-felony offense of attempted burglary was discretionary, when in fact, the offense is an "offense of violence" for which a three-year mandatory term of post-release control applies. *See* R.C. 2901.01(A)(9)(a) and (d); R.C. 2967.28(B)(3). As a result, we held that Hastings should be given the benefit of having counsel argue on his behalf as to whether the trial court's misstatement at the plea hearing amounts to a complete or partial failure to comply with Crim.R. 11, and if necessary, whether the statement resulted in any prejudice that requires the vacation of his guilty plea.

{¶ 10} We also found that the trial court's sentencing entry in Case No. 2014-CR-3848 improperly advised Hastings regarding post-release control since it flipped the terms of post-release control that applied to the aggravated burglary and vandalism offenses. However, we concluded that the post-release control error in the sentencing entry could be corrected with a nunc pro tunc order since the trial court imposed the proper terms of post-release control at the sentencing hearing. *See State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 14-15; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 30.

{¶ 11} Based on the aforementioned errors, we appointed new appellate counsel for Hastings and ordered counsel to file an appellate brief on Hastings' behalf framing the necessary assignments of error arising from the aforementioned issues, as well as any other issues that counsel may deem appropriate.   Thereafter, Hastings' newly appointed counsel filed an appellate brief raising a single assignment of error, which is now ripe for review.

**Assignment of Error**

{¶ 12} Hastings' sole assignment of error is as follows:

THE TRIAL COURT'S MISSTATEMENT AT THE PLEA HEARING IN CASE NUMBER 2016-CR-910 REGARDING POST RELEASE CONTROL FOR ATTEMPTED BURGLARY AMOUNTS TO A COMPLETE OR PARTIAL FAILURE TO COMPLY WITH RULE 11(C)(2)(a) OF THE OHIO RULES OF CRIMINAL PROCEDURE WHICH REQUIRES VACATION OF THE GUILTY PLEA AND RESULTING SENTENCE.

{¶ 13} Under his sole assignment of error, Hastings contends that his guilty plea in Case No. 2016-CR-910 is invalid and should be vacated because the trial court erroneously advised him at the plea hearing that post-release control for the charge of attempted burglary was discretionary when it was in fact mandatory.

{¶ 14} In order to be constitutionally valid and comport with due process, a guilty plea must be entered knowingly, intelligently, and voluntarily.   *State v. Bateman*, 2d Dist. Champaign No. 2010CA15, 2011-Ohio-5808, ¶ 5, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).   "In order for a plea to be knowing, intelligent, and

voluntary, the trial court must comply with Crim.R. 11(C)." (Citation omitted.) *State v. Russell*, 2d Dist. Clark No. 10-CA-54, 2011-Ohio-1738, ¶ 6. "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8. "By following this rule, a court ensures that the plea is knowing, intelligent, and voluntary." *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12, citing *State v. Redavide*, 2d Dist. Montgomery No. 26070, 2015-Ohio-3056, ¶ 12.

{¶ 15} Pursuant to Crim.R. 11(C)(2)(a), the court must determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." When post-release control applies, the trial court is required to inform the defendant of its applicability due to this rule. *State v. Threats*, 2016-Ohio-8478, 78 N.E.3d 211, ¶ 21 (7th Dist.), citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 7-10, 22.

{¶ 16} Unlike the advisements required in Crim.R. 11(C)(2)(c), which involve constitutional rights and necessitate strict compliance by the trial court, the non-constitutional advisements in Crim.R. 11(C)(2)(a) only require substantial compliance. *Cole* at ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Under the substantial compliance standard, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462,

¶ 31, quoting *Nero* at 108.

{¶ **17**} If there is no substantial compliance with regard to a non-constitutional right, the reviewing court is to ascertain whether there was partial compliance or a total failure to comply with the rule. *Id.* at ¶ 32. If there is partial compliance, the plea cannot be vacated unless the defendant shows that he was prejudiced. *Id.* "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id.*, quoting *Nero* at 108. (Other citation omitted.) "If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated." *Id.*, citing *Sarkozy* at paragraph two of the syllabus. " 'A complete failure to comply with the rule does not implicate an analysis of prejudice.' " *Id.*, quoting *Sarkozy* at ¶ 22.

{¶ **18**} We have held that "if a trial court fails to reconcile its correct oral statement on the length of post-release control with an incorrect statement on post-release control in a plea form, the trial court only partially complies with Crim.R. 11." *State v. Lockard*, 2d Dist. Clark No. 2014-CA-152, 2015-Ohio-4294, ¶ 11, citing *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 23. (Footnote omitted.) Under that circumstance, the defendant is required to demonstrate that he was prejudiced by the incorrect information in order to vacate his plea. *Brown* at ¶ 23.

{¶ **19**} In contrast, we have found no substantial compliance and no need to undergo a prejudice analysis where the plea form contained an abbreviated, but generally correct recitation of the incarceration consequences of violating post-release control, but the trial court affirmatively misstated those consequences at the plea hearing. *State v. Wilborn*, 2d Dist. Montgomery No. 25581, 2013-Ohio-5168, ¶ 18-19. In *Wilborn*, the trial

court affirmatively misstated that if the defendant were to violate post-release control, he would not be subject to additional incarceration once he completed his mandatory ten-year prison sentence. *Id.* at ¶ 17. We rejected the State's argument that the trial court partially complied with Crim.R. 11 despite this misstatement. *Id.* at ¶ 15-17. In so holding, we distinguished a mere omission in a trial court's notification concerning post-release control from an affirmative misstatement. *Id.* at ¶ 17, citing *State v. Ramey*, 2d Dist. Montgomery No. 24944, 2012-Ohio-3978, ¶ 12-13. Specifically, we explained that "[a]n affirmative mis-statement by the trial court is more likely to mislead a defendant, since it may override correct information the defendant may have obtained from other sources. A defendant may reasonably conclude that the trial court is a more authoritative source of information relating to the consequences of his plea than any other source." *Id.*

{¶ 20} Hastings relies heavily on *Wilborn* for the proposition that the trial court's misstatement in this case amounts to a complete failure to comply with Crim.R. 11, which obviates the need to establish prejudice to vacate his guilty plea. However, unlike *Wilborn*, the trial court in this case merely indicated that post-release control for Hastings' attempted burglary charge was discretionary when it was in fact mandatory. Despite the trial court's misstatement, Hastings was nevertheless put on notice that he would be required to serve a term of post-release control for attempted burglary, whereas in *Wilborn*, the defendant was completely misadvised as to the consequences for violating post-release control. Accordingly, we find that the trial court's misstatement is distinguishable from the misstatement in *Wilborn*.

{¶ 21} The present case is more analogous to *State v. Knox*, 2d Dist. Montgomery

No. 25774, 2015-Ohio-4198 wherein we held the following:

> [T]he trial court inaccurately informed Knox, at the time of his plea, that the mandatory term of his post-release control was discretionary, when in fact it was mandatory for Knox's Burglary offenses, which violated R.C. 2911.12(A)(3). R.C 2967.28(B) specifically requires a trial court to include a period of post-release control for third-degree felonies that constitute an "offense of violence." R.C. 2901.01(A)(9)(a), which identifies offenses of violence, specifically includes a violation of R.C. 2911.12(A)(3). At the sentencing hearing, the trial court also incorrectly stated that post-release control was discretionary, when in fact it was mandatory for the Burglary offenses in violation of R .C. 2911.12(A)(3). The termination entry conflicts with the statements made at the plea and sentencing hearing because it provides that the convictions for Burglary offenses carried mandatory terms for post-release control, and that post-release control was discretionary for the two third-degree felony convictions. *It has been held that partial compliance with Crim. R. 11 is established when the trial court discusses post-release control at the plea hearing but misinforms the defendant as to whether post-release control is mandatory or discretionary, as long as the defendant subjectively understands the implications of his plea and the rights he is waiving.* State v. Mugrage, 9th Dist. Summit No. 26062, 2012-Ohio-4802, ¶ 15; *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, [2010]-Ohio-2055, ¶ 22. In the case before us, Knox repeatedly acknowledged that he understood the effects of his plea, and after further

explanation of post-release control, he agreed that he understood it. Based on this record, we conclude that the trial court partially complied with Crim. R. 11, by informing Knox that he could be placed on post-release control.

(Emphasis added.)   *Knox* at ¶ 11.

**{¶ 22}** We further held in *Knox* that:

When partial compliance is met, the defendant must be able to show that he was prejudiced by the error to such an extent that he would not have entered the plea if accurate consequences of his plea were disclosed. "The trial court's imperfect advisement to appellant that she was subject to a discretionary period of post-release control afforded her sufficient notice that such control might be imposed. Since appellant had notice that her sentence might include post-release control, she cannot show prejudice as her plea was made with knowledge of that possibility."   *State v. Wright*, 6th Dist. Sandusky No. S-09-23, 2010-Ohio-2620, ¶ 29.

*Knox* at ¶ 12.

**{¶ 23}** Under the authority of *Knox*, we find that the trial court partially complied with Crim.R. 11 by informing Hastings that he could be placed on post-release control. Despite the trial court mistakenly indicating that post-release control was discretionary for Hastings' attempted burglary charge, the record of the plea hearing indicates that Hastings otherwise subjectively understood the implications of his guilty plea and the rights he was waiving.   Accordingly, Hastings' guilty plea cannot be vacated unless he shows that he was prejudiced by the trial court's error.

**{¶ 24}** Here, Hastings has failed to point to anything in the record indicating that he would not have pled guilty in Case No. 2016-CR-910 had he known that post-release control for his attempted burglary offense was mandatory rather than discretionary. We note that pursuant to R.C. 2967.28(F)(4)(c):

> If an offender is subject to more than one period of post-release control, the period of post-release control for *all* of the sentences shall be the period of post-release control that *expires last*, as determined by the parole board or court. *Periods of post-release control shall be served concurrently* and shall not be imposed consecutively to each other.

(Emphasis added.)

**{¶ 25}** Since multiple terms of post-release control must be served concurrently, and Hastings was correctly informed at the plea hearing that he would be required to serve a five-year mandatory term of post-release control for his first-degree felonies, the duration of his post-release control term amounts to five mandatory years regardless of whether the three-year term of post-release control for attempted burglary is mandatory or discretionary. *See State v. Heard,* 2d Dist. Montgomery No. 27454, 2018-Ohio-314, ¶ 27 (holding that regardless of whether the trial court erred in imposing a three-year term of post-release control for appellant's fifth-degree-felony drug trafficking offense, pursuant to R.C. 2967.28(F)(4)(c), appellant remains subject to a five-year mandatory term of post-release control for his accompanying first-degree-felony drug possession offense). Consequently, Hastings cannot establish any prejudice resulting from the trial court's misstatement at the plea hearing, as he was aware that he would be required to serve five mandatory years of post-release control when he entered his guilty pleas.

**{¶ 26}** Hastings' sole assignment of error is overruled.


**Conclusion**

**{¶ 27}** Having overruled Hastings' sole assignment of error, the judgment of the trial court in Case No. 2016-CR-910 is affirmed.   Although Hastings' appellate counsel did not address the error in the sentencing entry for Case No. 2014-CR-3848 that we identified in our *Anders* review, we hereby order the sentencing entry for that case to be corrected nunc pro tunc by the trial court to reflect the actual terms of post-release control that were imposed at the sentencing hearing, i.e., a five-year mandatory term of post-release control for aggravated burglary and a three-year discretionary term of post-release control for vandalism.   The judgment in Case No. 2014-CR-3848 is otherwise affirmed.

. . . . . . . . . . . .


FROELICH, J. and HALL, J., concur.



Copies mailed to:

Mathias H. Heck, Jr.
Alice B. Peters
Gary C. Schaengold
Hon. Dennis J. Adkins