DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Gerald M. Firl has appealed from his conviction in the Summit County Court of Common Pleas of aggravated murder and aggravated arson. This Court affirms.
 I {¶ 2} Defendant-Appellant Gerald M. Firl was indicted on July 28, 2004 on one count of aggravated murder, in violation of R.C. 2903.01(A), a special felony; one count of aggravated murder, in violation of R.C.2903.01(B) a special felony; one count of aggravated arson, in violation of R.C. 2909.02(A)(1), a felony of the first degree; one count of aggravated arson, in violation of R.C. 2909.02(A)(2), a felony of the first degree; and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree.
 {¶ 3} Appellant was arraigned on July 30, 2004 wherein he pled "not guilty" to all counts. On January 11, 2005, Appellant retracted his pleas of "not guilty" and entered guilty pleas to the charge of aggravated murder, as contained in Count 1 of the Indictment, in violation of R.C.2903.01(A), and to the charge of aggravated arson, as contained in Count 4 of the Indictment, in violation of R.C. 2909.02(A)(2). The remaining charges were dismissed. On February 10, 2005, Appellant was sentenced to the mandatory term of life imprisonment with possibility for parole after twenty years for the charge of aggravated murder to be served consecutively with a term of ten years for the charge of aggravated arson.
 {¶ 4} Appellant has timely appealed his convictions, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN NOT INFORMING APPELLANT THAT HE WOULD BE INELIGIBLE FOR COMMUNITY CONTROL BEFORE THE TRIAL COURT ACCEPTED APPELLANT'S GUILTY PLEA TO AGGRAVATED MURDER."
 {¶ 5} In his sole assignment of error, Appellant has argued that his guilty plea was not entered knowingly, voluntarily, and intelligently. Specifically, he has argued that the trial court's failure to inform him of his ineligibility for community control was a violation of Crim.R. 11(C)(2)(a) and constitutes reversible error. We disagree.
 {¶ 6} The basic tenets of due process at the federal and state level dictate that a guilty plea must be knowingly, intelligently, and voluntarily given. See State v. Sherrard (January 29, 2003), 9th Dist. No. 02CA008065, 2003-Ohio-365, at ¶ 6, citing State v. Engle (1996),74 Ohio St.3d 525, 527. To ensure this standard is met, trial courts must conduct an oral dialogue with the defendant pursuant to Crim.R. 11(C)(2). Engle, 74 Ohio St.3d at 527. Among other objectives, Crim. R. 11(C)(2)(a) prescribes that a trial court inform a defendant if he would be ineligible for community control prior to accepting a guilty plea that requires the imposition of a mandatory sentence. The rule states in pertinent part:
(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. Crim.R. 11(C)(2)(a).
 {¶ 7} The law does not dictate literal compliance with Crim.R. 11(C)(2)(a). A trial court's compliance with Crim.R. 11(C)(2)(a) may vary based on the constitutional nature of the rights at issue. Sherrard at ¶ 11. When constitutional rights are involved, a trial court must "engage in a meaningful dialogue that fully explains the rights being waived `in a manner reasonably intelligible to [the] defendant.'" Sherrard at ¶ 11, quoting State v. Ballard (1981), 66 Ohio St.2d 473, paragraph two of the syllabus. The constitutional "rights guaranteed by Crim.R. 11(C)(2) are the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers." Sherrard at ¶ 11.
 {¶ 8} If non-constitutional rights are at issue, the trial court need only substantially comply with the non-constitutional requirements of Crim.R. 11(C)(2). State v. Wheeland, 9th Dist. No. 21000, 2002-Ohio-6292, at ¶ 9, citing State v. Nero (1990), 56 Ohio St.3d 106, 108. Substantial compliance has been defined by the Ohio Supreme Court as meaning that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."Nero, 56 Ohio St.3d at 108.
 {¶ 9} In the case sub judice, this Court finds that under the totality of the circumstances, the trial court substantially complied with Crim.R. 11(C)(2)(a). That is, we find that Appellant subjectively understood the implications of his plea and the rights he was waiving. It is evident from the record that the dialogue between the trial court and the Appellant was sufficient for Appellant to understand that he was ineligible for community control.
 {¶ 10} The record indicates that defense counsel assured the court that he had discussed the matter "extensively" with Appellant, that Appellant understood what was happening with regard to the plea agreement, and that defense counsel was "confident" that Appellant understood the penalties incumbent upon a charge of aggravated murder and aggravated arson. The trial court then engaged Appellant in the requisite discourse.
 {¶ 11} During the dialogue, Appellant acknowledged that he consulted with his attorney in reference to the case and that he understood the constitutional rights he was waiving. The trial court then informed Appellant that the "statutory penalty for [aggravated murder] in the state of Ohio is life imprisonment." Furthermore, the trial court specifically advised Appellant that he would not be eligible for parole for twenty years. Appellant indicated on the record that he understood the sentence. Appellant assured the court that he had not been forced or coerced into entering a guilty plea. Appellant then reiterated that he understood everything that had been said and acknowledged that he was knowingly, intelligently and voluntarily entering the plea.
 {¶ 12} There is nothing in the record to indicate that Appellant could have believed he was eligible for community control. The aforementioned statements of the trial court leave little doubt that by pleading guilty, Appellant was going to be sentenced to life in prison. Furthermore, even if this Court assumed that the trial court did not substantially comply with Crim.R. 11(C)(2)(a), Appellant has not explained how the trial court's failure to inform him that he was ineligible for community control sanctions prejudiced him.
 {¶ 13} Based on the foregoing, we conclude that Appellant's sole assignment of error is without merit.
 III {¶ 14} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., Concur.