[Cite as *State v. Dorsey*, 2016-Ohio-740.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals Nos. L-15-1174 |
| | L-15-1175 |
| Appellee | L-15-1176 |
| | L-15-1177 |
| v. | |
| | Trial Court Nos. CR0201301949 |
| Joseph Dorsey, Jr. | CR0201403026 |
| | CR0201403045 |
| Appellant | CR0201501104 |

**DECISION AND JUDGMENT**

Decided: February 26, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Joseph J. Urenovitch, for appellant.

* * * * *

**YARBROUGH, J.**

## I. Introduction

{¶ 1} Appellant, Joseph Dorsey, appeals the judgment of the Lucas County Court

of Common Pleas, sentencing him to 33 months in prison following its acceptance of

appellant's no contest plea to one count of receiving stolen property, one count of attempt to commit receiving stolen property, and one count of grand theft of a motor vehicle. Appellant was also ordered to serve an additional 900 days in prison for violating the terms of his postrelease control. For the reasons that follow, we affirm.

## A. Facts and Procedural Background

{¶ 2} This consolidated appeal stems from several theft offenses committed by appellant while he was on postrelease control from a 2013 conviction for failure to comply with an order or signal of a police officer. Beginning in November 2014, certain local auto dealerships began noticing that temporary and permanent license plates had gone missing. On November 20, 2014, a stolen vehicle driven by appellant was stopped by law enforcement officers. Thereafter, on December 12, 2014, appellant was pulled over by police and found to be in possession of stolen license plates that belonged to one of the local dealerships, Dixie Auto Leasing, Inc. One week later, appellant was found in possession of an automobile and several license plates that were reported stolen by another dealership, Max Auto World.

{¶ 3} As a result of these incidents, appellant was indicted in three separate cases. In total, appellant was charged with two counts of receiving stolen property in violation of R.C. 2913.51, felonies of the fourth degree, two counts of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1) and (B)(5), felonies of the fourth degree, one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth

2.

degree, and two counts of receiving stolen property in violation of R.C. 2913.51 and 2913.71(C), felonies of the fifth degree.

{¶ 4} Appellant initially entered pleas of not guilty to all charges, and the matter proceeded through pretrial proceedings and plea negotiations. On May 13, 2015, appellant appeared before the trial court for a plea hearing. At the plea hearing, appellant agreed to enter pleas of no contest to one count of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1) and (B)(5), a felony of the fourth degree, one count of attempt to commit receiving stolen property in violation of R.C. 2923.02 and 2913.51, a felony of the fifth degree, and one count of receiving stolen property in violation of R.C. 2913.51 and 2913.71, a felony of the fifth degree. In exchange for appellant's no contest pleas, the state agreed to dismiss the remaining charges. After a thorough Crim.R. 11 colloquy, the trial court accepted appellant's no contest pleas and found him guilty of the charges to which he pleaded no contest. The trial court continued the matter for sentencing pending completion of a presentence investigation report.

{¶ 5} Two weeks later, appellant's sentencing hearing was held, at which time the trial court imposed a sentence of 11 months on each of the three counts. The trial court ordered the sentences be served consecutively, for a total prison term of 33 months. Additionally, the trial court found that appellant was in violation of the terms of his postrelease control. Consequently, appellant received an additional consecutive prison sentence of 900 days.

3.

## B. Assignment of Error

{¶ 6} Appellant has now timely appealed his convictions, assigning the following error for our review:

> Appellant's no-contest pleas were not knowingly, intelligently, and voluntarily [entered] because the trial court failed to inform appellant of the maximum penalty for each plea.

## II. Analysis

{¶ 7} In appellant's sole assignment of error, he argues that his pleas were not knowingly, intelligently, and voluntarily entered because the trial court did not inform him of the maximum prison sentence applicable to the charges to which he pleaded. Appellant cites Crim.R. 11(C) as support for his argument.

{¶ 8} Crim.R. 11(C) provides, in relevant part:

> (C) Pleas of guilty and no contest in felony cases
>
> * * *
>
> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for

probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 9} Appellant acknowledges that his right to be informed of the maximum penalty under Crim.R. 11(C)(2)(a) is a non-constitutional right. *See State v. Abuhashish*, 6th Dist. Wood No. WD-07-048, 2008-Ohio-3849, ¶ 33 (stating that "informing the defendant of the maximum penalty [he] faced because of the plea he would enter was a non-constitutional right"). The Supreme Court of Ohio has held that courts need only substantially comply with the non-constitutional notifications required by Crim.R. 11(C)(2)(a). *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." *Id.* "The test is whether the plea would have otherwise been made." *Id.* We have previously stated that "[t]he key is whether the defendant had actual notice of the maximum sentence involved." *Abuhashish* at ¶ 35, citing *State v. Reed*, 6th Dist. Lucas No. L-06-1130, 2007-Ohio-4087, ¶ 26, and *State v. Bach*, 6th Dist. No. L-04-1326, 2005-Ohio-4173, ¶ 14.

{¶ 10} In this case, it is clear from the record that appellant had actual notice of the maximum sentence involved. While appellant is correct in his assertion that the trial court did not personally inform him of the maximum sentence at the plea hearing, the

5.

hearing transcript demonstrates that appellant was provided with a copy of his written plea agreement, which clearly states the maximum prison sentence for each of the three counts to which appellant pleaded no contest. Prior to accepting appellant's pleas, the trial court asked appellant it he had an opportunity to "read and review" the plea forms with his attorney. Appellant responded in the affirmative. The court then asked appellant if he had any questions about "anything contained in the plea forms." Appellant stated that he did not have any such questions.

{¶ 11} Given appellant's review of the written plea forms in this case, which specified the potential prison sentences for each count to which appellant pleaded no contest, we find that appellant had actual notice of the maximum sentence involved. *See Abuhashish* at ¶ 36 (finding that the trial court substantially complied with Crim.R. 11(C)(2)(a) where the court did not expressly inform the defendant of the maximum penalty involved but the written plea agreement set forth the maximum penalty and the court ensured that the defendant understood the terms contained therein). We are not persuaded otherwise by the cases cited by appellant in his brief.

{¶ 12} For example, in *State v. Wicks*, 8th Dist. Cuyahoga No. 98236, 2013-Ohio-1340, the defendant's plea was vacated by the appellate court because the trial court failed to inform the defendant of the maximum penalty on one of the two counts to which the defendant pleaded guilty. Notably, there is no indication that the defendant reviewed a detailed plea form setting forth the maximum penalty prior to entering the plea, as was the case in the present action.

6.

{¶ 13} In *State v. Calvillo*, 76 Ohio App.3d 714, 603 N.E.2d 325 (8th Dist.1991), another case cited by appellant, the trial court notified the defendant about the maximum penalty involved, but overstated the potential prison sentence by ten years. As a result, the court of appeals vacated the defendant's plea. Once again, there is no indication that the defendant in *Calvillo* was provided with a detailed plea form that outlined the necessary information. Further, appellant makes no allegation that he was misinformed by the trial court in this case, and our review of the record has revealed no such misinformation. Thus, *Calvillo* is inapposite.

{¶ 14} Having found that appellant received actual notice of the maximum sentence involved, we find that the trial court substantially complied with the mandates of Crim.R. 11(C)(2)(a). Consequently, appellant's no contest plea was knowingly, intelligently, and voluntarily entered, and appellant's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 15} In light of the foregoing, we affirm the judgment of the Lucas County Court of Common Pleas. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.