[Cite as *State v. Beard*, 2019-Ohio-4178.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

STATE OF OHIO                                      :

    Plaintiff-Appellee                      :       Appellate Case No. 2018-CA-87

                                                          :

v.                                                           :       Trial Court Case No. 2017-CR-361B

                                                          :

KENDRA ALYCE BEARD                        :       (Criminal Appeal from

                                                          :        Common Pleas Court)

    Defendant-Appellant                    :

                                                          :

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of October, 2019.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

BENJAMIN W. ELLIS, Atty. Reg. No. 0092449, 805-H Patterson Road, Dayton, Ohio 45419
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Kendra Alyce Beard pled guilty in the Clark County Court of Common Pleas to an amended charge of attempted felonious assault, a third-degree felony.[1] In exchange for the plea, the trial court dismissed a firearm specification and agreed to a presentence investigation. At sentencing, the trial court imposed 36 months in prison. Beard appeals from her conviction.

{¶ 2} Beard's original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he found no arguable issues for appeal. Upon an initial review of the record, we concluded that a non-frivolous issue existed as to whether Beard had knowingly, intelligently, and voluntarily entered her guilty plea. We therefore rejected the *Anders* brief and appointed new counsel to represent her.

{¶ 3} Beard, with new counsel, now raises one assignment of error, namely whether the trial court "erred in accepting [her] guilty plea because the plea was not made knowingly, intelligently and voluntarily."

{¶ 4} Crim.R. 11(C)(2) requires a trial court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she

---

[1] Beard was indicted for felonious assault, a second-degree felony, with a firearm specification.

understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 5} The Supreme Court of Ohio has urged trial courts to comply literally with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. The trial court must comply strictly with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Id.* at ¶ 31. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need comply only substantially with those requirements. *E.g., State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his [or her] plea and the rights he [or she] is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

> * * * But "[w]hen the trial judge does not *substantially comply* with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule." (Emphasis sic.) *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32. "If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id.* But if the trial court completely failed to comply with the rule, the plea must be vacated. *Id.* Complete failure " 'to comply with the rule does not implicate

an analysis of prejudice.' " *Id.*, quoting *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

*Bishop* at ¶ 19. *See also State v. McGlinch*, 2019-Ohio-1380, __ N.E.3d __, ¶ 28 (2d Dist.).

{¶ 6} Beard claims that the trial court erred in accepting her guilty plea to attempted felonious assault after she stated at the plea hearing that she did not understand the possible maximum penalty that she faced.

{¶ 7} At the plea hearing, the trial court indicated that it had been handed a written plea agreement in which Beard would plead guilty to an amended charge of attempted felonious assault, the firearm specification would be dismissed, and a presentence investigation would be conducted. Counsel agreed that those were the terms of the plea agreement, and the prosecutor stated the underlying facts for the record.

{¶ 8} The court then addressed Beard personally. As part of its inquiry, the trial court asked Beard about the plea form. Beard acknowledged that she had signed the form, that she had read the form and reviewed it with her attorney before signing it, and that she understood everything in the document. The plea form stated that Beard was entering a plea of guilty to amended Count 1, attempted felonious assault, a felony of the third degree. The form indicated that the maximum penalty for the offense was 36 months in prison and a $10,000 fine, which was not mandatory. The form further stated that court costs, restitution, and other financial sanctions may also be imposed.

{¶ 9} The trial court orally addressed the maximum penalty that Beard faced with the following exchange:

THE COURT: Do you understand the possible maximum penalty for the

offense as amended is 36 months in prison, a $10,000 fine, restitution if any were found to be due and owing, and court courts?

DEFENDANT: I didn't understand, sir.

THE COURT: Pardon?

DEFENDANT: I didn't --.

THE COURT: All right. If you go to prison, when you're released after serving the time given you by the Court, the Parole Authority would be required to place you on post-release control. * * *

The court continued with its plea colloquy without repeating its advisement of the maximum penalty for the amended charge.

{¶ 10} The court addressed post-release control, community control, the constitutional rights that Beard was waiving by entering her plea, and her right to appeal. Beard expressed her understanding after each of these explanations by the court. The court concluded by asking Beard if she wished to waive her rights and to plead guilty to the charge of attempted felonious assault, a third-degree felony. Beard responded affirmatively. The trial court found that Beard had knowingly, intelligently, and voluntarily pled guilty to attempted felonious assault, and it found her guilty of that offense.

{¶ 11} Under the specific facts of this case, we conclude that the trial court did not substantially comply with its obligations under Crim.R. 11(C)(2)(a). As stated above, substantial compliance means that, under the totality of the circumstances, the defendant *subjectively* understands the implications of the plea and the rights waived. *Nero*, 46 Ohio St.3d at 108, 564 N.E.2d 474. When the trial court asked Beard if she understood the potential maximum penalty that she faced, Beard told the court that she "didn't

understand." Although Beard had previously stated that she understood the plea form that she had signed, which included the potential maximum sentence, the trial court did not attempt to dispel any confusion when she expressly stated that she did not understand the potential maximum sentence, nor did it further explain the potential maximum sentence that she faced. *Contrast State v. Cunningham*, 6th Dist. Lucas No. L-11-1050, 2012-Ohio-1870 (after defendant expressed confusion regarding post-release control, the trial court repeated the explanation of post-release control and the consequences of violating it in a different manner until defendant indicated his understanding). It is possible that Beard simply did not fully hear the court's statement of the potential maximum sentence, but Beard was not asked to explain her expressed lack of understand. With the record before us, the trial court failed to determine that Beard was entering her plea "with understanding * * * of the maximum penalty involved."

{¶ 12} Beard's assignment of error is sustained.

{¶ 13} The trial court's judgment will be reversed, and the case will be remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN, J. concurs.

TUCKER, J., dissents:

{¶ 14} Under the totality of circumstances, I conclude that Beard subjectively understood the maximum penalty she faced. Such understanding establishes substantial compliance with the Crim.R. 11(C)(2)(a) non-constitutional notification requirements. Given this, I respectfully dissent.

## Substantial Compliance with Crim.R. 11(C)(2)(a)

{¶ 15} Due process requires that a guilty plea be entered into knowingly, intelligently, and voluntarily. *State v. Hastings*, 2d Dist. Montgomery Nos. 27212, 27213, 2018-Ohio-422, ¶ 14, citing *State v. Bateman*, 2d Dist. Champaign No. 2010-CA-15, 2011-Ohio-5808, ¶ 5, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Compliance with Crim.R. 11(C) ensures that a plea meets this constitutional mandate. *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12. (Citation omitted.) Strict compliance with the Crim.R. 11(C)(2)(c) constitutional advisements is required to establish the due process requirement. *Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11. But, substantial compliance with the Crim.R. 11(C)(2)(a) and (b) non-constitutional advisements is sufficient to establish that a plea is knowing, intelligent, and voluntary. *Id.* at ¶ 11, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18.

{¶ 16} Substantial compliance with the Crim.R. 11(C)(2)(a) mandate occurs when the "totality of circumstances" allows the conclusion that a defendant "subjectively understands" the nature of the charges, the maximum penalty involved, and, if applicable, that he or she is not eligible to be sentenced to a term of community control sanctions. *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, quoting *Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474. The question, then, is whether Beard, based upon the Crim.R. 11 colloquy and the surrounding circumstances, subjectively understood the maximum penalty (36 months and a $10,000 fine) she faced by pleading guilty to attempted felonious assault.

{¶ 17} That portion of the plea colloquy in which Beard, upon being informed of the maximum penalty, states "I didn't understand, sir[,]" coupled with the trial court's failure to further inquire supports, without more, the conclusion reached by the majority. But there is more to consider. The Ohio Supreme Court, within the context of the constitutional Crim.R. 11(C)(2)(c) advisements, has ruled that an "ambiguity [occurring] during [an] * * * oral plea colloquy may be clarified by reference to other portions of the record, including the written plea, in determining whether [a] defendant was adequately informed of the [constitutional] right in question." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 25. In *Barker*, the trial court, during the plea hearing, made an imprecise statement regarding Barker's constitutional right to compulsory process, which prompted the appellate court to conclude that the strict compliance standard had not been met. The Supreme Court disagreed; based upon the trial court's compulsory process language and the surrounding circumstances, it concluded that "Barker knowingly, intelligently, and voluntarily waived his right to compulsory process * * * ." *Id.* at ¶ 26. As is germane to the current case, the Court stated that the written plea form Barker signed was part of the circumstances subject to review when evaluating whether there was strict compliance with Crim.R. 11(C)(2)(c).[2]

{¶ 18} The Sixth Appellate District, in *State v. Dorsey*, 6th Dist. Lucas Nos. L-15-1175, L-15-1176, L-15-1177, 2016-Ohio-740, was confronted with a case with pertinent facts quite similar to the pending case. These facts were as follows:

---

[2] The plea form Barker signed set forth the constitutional rights being waived as follows: "I understand by this plea I give up my right to a jury trial, where I could see and hear my attorney question witnesses against me, and where I could use the power of the court to call witnesses to testify for me." *Barker* at ¶ 5.

While [Dorsey] is correct in his assertion that the trial court did not personally inform him of the maximum sentence at the plea hearing, the hearing transcript demonstrates that [Dorsey] was provided with a copy of his written plea agreement, which clearly states the maximum prison sentence for each of the three counts to which [he] pleaded no contest. Prior to accepting [Dorsey's] pleas, the trial court asked [Dorsey] if he had an opportunity to "read and review" the plea forms with his attorney. [Dorsey] responded in the affirmative. The court then asked [Dorsey] if he had any questions about "anything contained in the plea forms." [He] stated that he did not have any such questions.

*Dorsey* at ¶ 10. Based upon Dorsey's review of the plea form, the court found that he "had actual notice of the maximum sentence involved[,]" and, as such, there was substantial compliance with Crim.R. 11(C)(2)(a). (Citation omitted.) *Id.* at ¶ 11.

{¶ 19} Turning to the pending case, the trial court correctly informed Beard of the maximum penalty, but, based upon Beard's statement, she did not understand or simply did not hear the maximum penalty advisement. The question, then, is whether Beard, under all the relevant circumstances, nonetheless subjectively knew the maximum penalty. The plea discussion indicates that when Beard entered the plea she was age 42, that she had an associate's degree, and that she was not under the influence of alcohol, drugs, or medication. The plea form was discussed as follows:

THE COURT: Have you discussed your case and possible defenses with your attorney?

DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with the advice and representation your attorney's given you?

DEFENDANT: Yes, sir.

THE COURT: Is this your signature on the plea form?

DEFENDANT: It is.

THE COURT: Before you signed this document, did you read it and go over it with your attorney?

DEFENDANT: I did.

THE COURT: Did you understand everything in the document?

DEFENDANT: Yes.

The maximum penalty Beard faced was set forth in the plea form as follows:

I withdraw my former not guilty plea and enter a plea of **GUILTY** to the following offense(s):

| COUNT | OFFENSE/SPECIFICATION | ORC SECTION | LEVEL |
|---|---|---|---|
| 1 amended | Attempt Felonious Assault | 2923.02 | F3 |
| | | 2903.11(A)(2) | |

**Maximum Penalty**

I understand that the maximum penalty as to each count is as follows:

OFFENSE/SPECIFICATION  1

MAXIMUM STATED PRISON TERM  36 months

MAXIMUM FINE  $10,000

MANDATORY FINE  no

LICENSE SUSP.  no

PRISON TERM IS MANDATORY   no

The plea agreement was signed by Beard, defense counsel, and the prosecuting attorney.

**{¶ 20}** The trial court's discussion with Beard, during which she stated she had read the plea form, reviewed its content with her attorney, and understood "everything" in conjunction with the plea form's conspicuous placement of accurate maximum penalty information convinces me that the ambiguity is appropriately resolved in favor of the conclusion that, under the totality of circumstances, Beard subjectively understood the maximum penalty before she pleaded guilty.

**{¶ 21}**   For the reasons indicated, I would affirm the trial court's judgment.[3]

Copies sent to:

Andrew P. Pickering
Benjamin W. Ellis
Kendra A. Beard
Hon. Richard J. O'Neill

---

[3] Because I conclude there was substantial compliance with the maximum penalty advisement, the issue of partial compliance is not part of my analysis.   The issue of partial compliance is relevant when there has not been substantial compliance with the Crim.R. 11 non-constitutional advisements.   When this occurs, an appellate court must determine if there was at least partial compliance with the non-constitutional advisements. *Bishop* at ¶ 19.   If there is partial compliance, a plea will not be vacated unless the defendant demonstrates that if there had been substantial compliance, he would not have pleaded guilty.   *Id.*, quoting *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32.   In this case, assuming partial compliance, Beard has not asserted she would not have entered the plea, perhaps because the negotiated plea was quite favorable to her.