[Cite as *State v. Conrad*, 2024-Ohio-2986.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. Nos. 30809, 30888 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JASON CONRAD | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE Nos. CR 23 05 1490 CR 23 06 1817 |

DECISION AND JOURNAL ENTRY

Dated: August 7, 2024

FLAGG LANZINGER, Judge.

{¶1} Defendant-Appellant Jason L. Conrad appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This matter relates to two criminal cases. In Criminal Case No. CR 2023-05-1409, on May 5, 2023, a grand jury indicted Conrad on count one of trafficking in cocaine, a felony of the first degree, in violation of R.C. 2925.03(A)(2), (C)(4)(g), with major drug offender and forfeiture specifications; on count two of possession of cocaine, a felony of the first degree, in violation of R.C. 2925.11(A), (C)(4)(f), with a major drug offender specification; on count three of having weapons while under disability in violation of R.C. 2923.13(A)(3), (B), with four forfeiture specifications; on count four of possession of cocaine, a felony of the first degree, in violation of R.C. 2925.11(A), (C)(4)(a); and on count five of unlawful possession of dangerous ordnance, a felony of the fifth degree, in violation of R.C. 2923.17(A), (D).  In Criminal Case No.

CR 2023-06-1817, on June 7, 2023, a grand jury indicted Conrad on one count of escape, a felony of the second degree, in violation of R.C. 2921.34(A)(1), (C)(2)(a).

{¶3} Pursuant to Crim.R. 11 negotiations, in Criminal Case No. CR 2023-05-1409, Conrad pleaded guilty to count one of trafficking in cocaine, a felony of the first degree, with major drug offender and forfeiture specifications; count three of having weapons while under disability, with four forfeiture specifications; and count five of unlawful possession of dangerous ordnance, a felony of the fifth degree. Upon motion of the State, the trial court dismissed the remaining counts. In Criminal Case No. CR 2023-06-1817, Conrad pleaded guilty to count one of escape, a felony of the second degree. The trial court sentenced Conrad to the agreed sentence of 18 to 25.5 years. Conrad now appeals raising one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

**APPELLANT'S PLEA IS VOID AS THE TRIAL COURT FAILED TO INFORM HIM OF THE POTENTIAL PENALTIES ASSOCIATED WITH HIS PLEAS OF GUILTY, IN VIOLATION OF RULE 11(C)(2)(a) OF THE OHIO RULES OF CRIMINAL PROCEDURE, THE DUE PROCESS CLAUSE OF ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

{¶4} In his sole assignment of error, Conrad argues that the trial court erred in accepting his guilty plea without substantially complying with Crim.R. 11(C)(2). Specifically, Conrad argues that that trial court failed to conduct the in-person advisement of the potential penalties associated with the charges for which he pled guilty. Conrad also argues that the trial court erred when it failed to advise Conrad that the sentence for escape must be served consecutively to any other prison sentence.

**{¶5}** "A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner." *State v. Farnsworth*, 2016-Ohio-7919, ¶ 4 (9th Dist.). "To ensure this standard is met, trial courts must conduct an oral dialogue with the defendant pursuant to Crim.R. 11(C)(2)." *State v. Firl*, 2005-Ohio-5501, ¶ 6 (9th Dist.), citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

**{¶6}** Crim.R. 11(C)(2)(a) states that:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶7}** Literal compliance with Crim.R. 11 is preferred. *State v. Clark*, 2008-Ohio-3748, ¶ 29. When reviewing a failure to literally comply, "reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *Id.* at ¶ 30. "When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.'" *Id.* at ¶ 31, quoting *State v. Griggs*, 2004-Ohio-4415, ¶ 12. "However, if the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies." *Id.* at ¶ 31, citing *Griggs* at ¶ 12.

**{¶8}** To substantially comply with Crim.R. 11, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving . . . .'" *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). The Ohio Supreme Court has held that

a written plea form can be considered as part of the totality of the circumstances in determining whether a trial court substantially complied with the nonconstitutional requirements in Crim.R. 11(C)(a) and (b). *See State v. Veney*, 2008-Ohio-5200, ¶ 15-16. "When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule." (Emphasis in original.) *Clark* at ¶ 32. "If the trial judge partially complied, . . . the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id.* "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *Nero* at 108.

{¶9} Conrad argues that the trial court failed to inform him of the maximum potential penalties associated with the charges. Conrad also argues that the trial court erred when it failed to advise him that the sentence for escape must be served consecutively to any other prison sentence. "The right to be informed of the maximum penalty for a crime is a nonconstitutional right, so a review of the plea hearing transcript is necessary to determine whether there was substantial compliance with Crim.R. 11." *State v. Callaghan*, 2021-Ohio-1047, ¶ 8 (9th Dist.), citing *State v. Bailey*, 2016-Ohio-4937, ¶ 14 (9th Dist.).

{¶10} During the plea colloquy with Conrad, the trial court explained that the charge of trafficking in cocaine had a potential penalty of "11 to 16 and a half [years] mandatory time." The trial court did not explain the maximum potential penalties for the other counts.

{¶11} At the onset of the hearing, the prosecutor indicated there was an agreed sentence and set forth the plea agreement. The prosecutor explained that Conrad would be pleading guilty to (1) trafficking in cocaine, (2) having weapons while under disability, and (3) unlawful possession of dangerous ordnance, along with their specifications, which include a major drug offender specification. The prosecutor indicated that the sentence for trafficking cocaine had a

"maximum sentence [of] 11 to 16 and a half years[.]" The prosecutor indicated that sentence was "mandatory time." The prosecutor further explained that the agreed recommended sentence for having weapons while under disability was three years, served consecutively and the agreed recommended sentence for unlawful possession of dangerous ordnance was one year, served concurrently. The prosecutor further explained that Conrad was pleading guilty to escape with an agreed recommended sentence of four to six years. The prosecutor explained that those four to six years were "mandatory consecutive[.]" The trial court asked Conrad if the prosecutor's explanation of the plea agreement was his understanding of the plea agreement. Conrad stated, "Yes, ma'am."

{¶12} Conrad executed a written plea of guilty for both criminal cases. During the plea colloquy, the trial court asked Conrad if he reviewed, read, and understood the written plea of guilty forms, and Conrad said, "Yes, ma'am." The trial court then asked Conrad, "And is this your signature on these two forms?" and he again replied, "Yes." The written plea forms correctly list the maximum prison term for each count. For trafficking in cocaine, the written plea forms correctly list the maximum prison term as "3 years – 16.5 years" and the box indicating "Mand. Prison" is unmistakably checked. Directly underneath the charges and maximum penalties, the plea form states: "I understand the above penalties are the maximum penalties for the offenses listed." On the second page of the document is a handwritten note stating, "total: 14-19.5 yrs (sic.) consecutive to [the second criminal case]." The written plea forms list the maximum prison term for escape as "2-12" years. The written plea form correctly reflects the agreed sentence for escape as "4-6 years consecutive to [the first criminal case]."

{¶13} Based on the totality of the circumstances, we conclude that the trial court substantially complied with the mandates of Crim.R. 11. While the trial court's oral explanation of his maximum penalties was incomplete, Conrad executed written plea forms that accurately

reflected the maximum penalties for the charges. The written plea forms also clearly indicated the mandatory nature of the sentences for the counts with mandatory sentences. The trial court confirmed Conrad had read, understood, and signed the written plea forms. *See Callaghan*, 2021-Ohio-1047, at ¶ 10-11 (9th Dist.) (rejecting the defendant's argument that the trial court failed to comply with Crim.R. 11, in part, because the defendant executed written plea forms that accurately reflected the maximum penalties).

{¶14} Additionally, the prosecutor set forth the penalties at the beginning of the hearing, including which penalties were mandatory time or mandatory consecutive time. In doing so, the prosecutor specifically explained that the agreed recommended sentence for escape was "mandatory consecutive[.]" Conrad acknowledged his understanding of the prosecutor's recitation of the plea agreement and recommended sentencing. The totality of the circumstances, therefore, reflects that Conrad had actual notice of the maximum penalties and the consecutive nature of his sentence for escape, and that he subjectively understood the implications of his plea. *State v. Dorsey*, 2016-Ohio-740, ¶ 11 (6th Dist.) ("Given appellant's review of the written plea forms in this case, which specified the potential prison sentences for each count to which appellant pleaded no contest, we find that appellant had actual notice of the maximum sentence involved."); *Clark*, 2008-Ohio-3748, at ¶ 31, quoting *Nero*, 56 Ohio St.3d at 108 ("[S]o long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld.").

{¶15} Furthermore, Conrad has not affirmatively established that he suffered prejudice as a result of the trial court's incomplete plea colloquy. *State v. Dangler*, 2020-Ohio-2765, ¶ 14 ("[W]hen a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea."). As the Ohio Supreme Court

has stated, "[t]he test for prejudice is 'whether the plea would have otherwise been made." *Id.* at ¶ 16, quoting *Nero* at 108. In his merit brief, Conrad argues that, had the trial court informed him of the potential penalties, he would have "reconsidered accepting an agreed sentence of 18-25.5 years and instead would have attempted to argue for a lower sentence." But arguing for a lower sentence is not the same as establishing that Conrad would not have pleaded guilty. Thus, Conrad has failed to affirmatively establish that he suffered prejudice. *See Dangler* at ¶ 14.

{¶16} In conclusion, the totality of the circumstances reflects that Conrad had actual notice of the maximum penalties and the consecutive nature of the sentence for escape, that he subjectively understood that implications of his plea, and that he did not suffer prejudice as a result of the trial court's incomplete plea colloquy. Accordingly, Conrad has not established that the trial court committed reversible error by accepting his guilty pleas. Conrad's assignment of error is overruled.

### III.

{¶17} Conrad's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

ADAM M. VANHO, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.